JOHNSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-511-CR

DAVID LYNN JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

A jury convicted Appellant David Lynn Johnson of driving while intoxicated—subsequent offense and assessed punishment at thirteen years’ confinement.  The trial court sentenced him accordingly.  In three points, Appellant argues that the evidence was legally and factually insufficient to support the verdict and that the trial court erred by admitting evidence of certain prior DWI convictions.  We affirm.

Discussion

I.

In his first and second points, Appellant argues that the evidence was legally and factually insufficient to support the verdict.  We disagree.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

When reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits the offense of driving while intoxicated if he operates a vehicle while intoxicated in a public place.  
Tex. Penal Code Ann
. § 49.04(a) (Vernon 2003).  “Intoxicated” is defined as 

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or 

(B) having an alcohol concentration of 0.08 or more. 

Id. 
§ 49.01(2)(A)-(B).  A witness does not have to be an expert to testify that a person he observes is intoxicated by alcohol; therefore, lay opinion testimony by a police officer that a person is intoxicated is probative evidence that a person was “drunk.”  
Henderson v. State
, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).

The following evidence was presented at trial.  Deputy Robert Young, a commander in the Hood County Sheriff’s Office 
with five years’ experience in law enforcement, observed a vehicle with an unilluminated headlight driving in the dark on a public road.  He initiated a traffic stop.  When he made contact with Appellant, who was the driver and sole occupant of the vehicle, he noted that Appellant’s speech was slurred.  Appellant told Deputy Young that he had consumed one beer.  Deputy Young then administered the usual field sobriety tests.  When Deputy Young performed the horizontal gaze nystagmus test, Appellant told him that he was blind in his right eye.  Deputy Young proceeded with the test and observed that both of Appellant’s eyes failed to track smoothly and that both eyes exhibited nystagmus before reaching a forty-five degree angle.  Deputy Young then instructed Appellant to perform the one-legged-stand test.  Appellant used his arms to maintain his balance and put his foot down twice.  On the walk-and-turn test, Appellant used his arms for balance, did not count out loud as instructed, and took eleven steps forward rather than nine steps as instructed.  Appellant explained his poor performance by telling Deputy Young that he had a sprained ankle.  Finally, Deputy Young asked Appellant to perform the finger-count test.  After telling Deputy Young that he could not perform the test with his left hand because of an injury, he attempted but failed the test with his right hand.  The State played the video recording of Appellant’s field sobriety tests for the jury.  Deputy Young determined that Appellant had been driving while intoxicated, arrested him, and took him to jail.  Appellant refused to provide breath or blood samples for testing.  Through Deputy Young, the State offered a stipulation signed by Appellant in which he admitted to two prior convictions for driving while intoxicated. 

On cross-examination, Deputy Young admitted that some people exhibit naturally-occurring nystagmus and cannot pass the horizontal gaze nystagmus test for that reason.  He also admitted that some people are more skillful than others at finger movement and counting. 

Appellant called Lana Holland to testify.  Holland, a retired special education diagnostician, testified that she has known Appellant for about thirty years.  She was in the courtroom when the State played the video recording of Appellant’s field sobriety tests and testified that Appellant’s voice on the video was his normal speech.  Holland further testified that nothing she saw on the video would make her think that Appellant was anything other than sober at the time and that everything she saw was consistent with Appellant’s normal behavior.  On cross-examination, Holland testified that Appellant’s performance on the finger-count test was “different” and might indicate intoxication.  She also testified that in the years she has known Appellant, she never saw an indication that he had a balance problem. 

Appellant testified in his own defense.  He told the jury that he split his skull open when he was a baby, was a special education student, and dropped out of school in the ninth grade.  Appellant testified that, on the day of his arrest, he drank three sixteen-ounce cans of beer between 1:30 PM and the time of his arrest.  He testified that he had sprained his ankle three days before his arrest and the pain from that injury caused him to change the foot he was standing on during the one-legged-stand test.  Appellant explained that his right eye has been blind since birth.  He also testified that he had a steel plate and several screws in his left arm.  Appellant testified that he had not drunk any alcohol since the night of his arrest because “[i]t just ain’t worth it” and that he had joined Alcoholics Anonymous.  On cross-examination, Appellant testified that he had one prior conviction for felony DWI and volunteered that “I’ve never been in trouble for anything else.” 

In its case in rebuttal, the State offered records showing that Appellant had two prior felony DWI convictions and several other misdemeanor DWI convictions.  The admission of this evidence forms the basis of Appellant’s third point, which we discuss later in this opinion.

Considering the evidence in the light most favorable to the verdict, we hold that the evidence of the smell of alcohol on Appellant’s breath, his performance on the field sobriety tests, his admission that he drank three sixteen-ounce beers before driving, and Deputy Young’s opinion that Appellant was intoxicated is legally sufficient to permit a rational trier of fact to determine beyond a reasonable doubt that Appellant operated a motor vehicle in a public place when he did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body.  We overrule Appellant’s first point.

The evidence was also factually sufficient.  Considering the evidence supporting the judgment, by itself and in a neutral light, we cannot say that it was too weak to support a finding of guilt beyond a reasonable doubt.  And weighing 
all
 of the evidence in a neutral light, we cannot say that the evidence contrary to the verdict is so strong as to preclude guilt beyond a reasonable doubt.  While Appellant’s physical and mental maladies may have explained some of his inability to perform the field sobriety tests, they do not excuse his poor performance on all of those tests.  Nor do they explain the odor of alcohol on his breath, his refusal to submit breath or blood samples, or his admission that he drank three beers before driving.  We must defer to the jury on the question of whether Appellant’s explanation of his behavior at the time of his arrest, in light of his appearance, demeanor, and manner of answering questions on the stand, was credible.  We overrule Appellant’s second point.

II.

In his third point, Appellant contends that the trial court erred by admitting evidence of Appellant’s prior convictions for driving while intoxicated.  We disagree.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).
  
A party must object each time inadmissible evidence is offered or obtain a running objection.  
Valle v. State
, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.  
Id.

The indictment alleged that Appellant had five prior DWI convictions.  Appellant stipulated to two of those convictions, and the trial court admitted the stipulation into evidence.  After Appellant testified that he had one prior felony DWI conviction, the State offered evidence of his other convictions.  The evidence consisted of Appellant’s certified driving record reflecting four prior DWI convictions (exhibit 5), records pertaining to judgments of the four prior DWI convictions (exhibits 6, 7, 8, and 9), and a penitentiary packet reflecting two felony DWI convictions (exhibit 10).

Appellant did not object to exhibits 5, 7, 8, or 10.  By failing to object, Appellant forfeited any complaint about those exhibits on appeal.  
See
 
Tex. R. App. P.
 33.1(a)(1)
.

With regard to exhibit 9, Appellant objected:

[T]he only objection I have is that this document contains a lot of extraneous information which would be hearsay, which is not relevant to the matter which is now before the court. 

Appellant asserted the same objection to exhibit 6.  Exhibit 9 comprised documents relating to a 1987 DWI conviction in Dallas County and included a letter that mentioned in passing two 1992 DWI convictions.  Exhibit 6 comprised documents relating to a 1996 DWI conviction for which Appellant was placed under community supervision and documents relating to the later revocation of community supervision when Appellant was charged with DWI yet again.  Assuming for the sake of argument that the trial court erred by admitting exhibits 9 and 6 over Appellant’s objection, the error was cured when Appellant failed to object to the admission of evidence of the same convictions in other exhibits.

Exhibit 2—the stipulation of evidence signed by Appellant—reflected one of the 1992 convictions.  Exhibit 5 reflected Appellant’s 1987, 1992, and 1996 DWI convictions.  Exhibit 7 reflected one 1992 conviction; exhibit 8 reflected the other.  Exhibit 10 referenced the 1996 conviction, subsequent revocation of community supervision, and the 1998 conviction for the DWI charge that triggered the revocation of community supervision.  Appellant did not object to these exhibits.  Thus, any error arising from the admission of exhibits 9 and 6 was cured when the same evidence was admitted without objection in exhibits 2, 5, 7, 8, and 10.  
See Valle
, 109 S.W.3d at 509.

We overrule Appellant’s third point. 

Conclusion

Having overruled all three of Appellant’s points, we affirm the judgment of the trial court.

ANNE GARDNER

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.